Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| LUIS ÁNGEL FELICIANO RAMOS, NELIDA ORTEGA VELAZQUEZ<br><br>Parte Apelante<br><br>v.<br><br>CHRISTIAN JAMIL ACEVEDO, NATACHA MARIE IZQUIERDO TORRES<br><br>Parte Apelada | TA2026AP00270 | *APELACIÓN procedente* del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2025CV02272<br><br>Sobre: INJUNCTION PRELIMINAR Y PERMANENTE, INTERDICTO POSESORIO, SOLICITUD DE, Y DESLINDE Y AMOJONAMIENTO |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

Salgado Schwarz, Carlos G., Juez Ponente

### S E N T E N C I A

En San Juan, Puerto Rico, a 30 de junio de 2026

Comparece Luis Ángel Feliciano Ramos, Nélida Ortega Velázquez y la Sociedad Legal de Gananciales compuesta por ambos ("Apelantes") y solicitan que revisemos la Sentencia emitida el 20 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("foro de instancia" o "foro apelado"). Mediante dicha Sentencia, el foro de instancia ordenó un *Injunction* Permanente. Sin embargo, desestimó la reclamación respecto a la solicitud de Deslinde y Amojonamiento. Sobre tal solicitud, los Apelantes presentaron una moción de reconsideración la cual fue declarada *No Ha Lugar.*

Por los fundamentos que exponemos a continuación, modificamos la *Sentencia* apelada, a los fines de

devolver el caso al foro primario para que se celebre una Vista en su fondo sobre *Injunction* Permanente.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 22 de diciembre de 2025, los Apelantes presentaron una *Demanda*[1] contra Christian Jamil Acevedo y Natacha Marie Izquierdo Torres ("Apelados") sobre *Injunction* Preliminar y Permanente, Interdicto Posesorio y Solicitud de Deslinde y Amojonamiento. Como parte de las alegaciones, sostuvieron que los Apelados operaban un negocio bajo el nombre Colmado Yamil y que, tanto estos como sus clientes, utilizaban parte del terreno de los Apelantes como estacionamiento. Por tal razón, solicitaron una orden a fin de detener dicha conducta. Además, solicitaron el deslinde de las propiedades en controversia, de forma que los Apelantes puedan construir una verja que divida las propiedades. El 15 de enero de 2026, los Apelados presentaron una *Moción Asumiendo Representación Legal y en Oposición a Solicitud de Injunction Preliminar*[2]. En esa ocasión, alegaron que la puerta posterior del establecimiento no constituye un elemento ornamental, sino un acceso real y funcional necesario para la operación del negocio. También sostuvieron que no han bloqueado ni impedido el paso a la parte apelante, sino que han procurado estacionar fuera del área. Por su parte, indicaron que resulta incompatible pretender un remedio interdictal, cuando los propios Apelantes reconocen la necesidad de un deslinde para determinar los linderos. Añadieron que,

---

[1] Véase Entrada #1 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase Entrada #11 del expediente de Primera Instancia en SUMAC.

sin una determinación pericial previa, no existe certeza sobre la colindancia ni una probabilidad clara de prevalecer en los méritos. El 16 de enero de 2026, el foro recurrido celebró una vista sobre interdicto preliminar. En esa ocasión, el foro de instancia determinó lo siguiente: 1. Concedió un *injunction* preliminar; 2. La carga y descarga de mercancía se hará por la entrada principal del colmado; 3. Prohibió colocar un portón en la entrada del remanente[3]; 4. Los Apelados tienen que mover el zafacón de basura o disponer de esta diariamente; 5. El camión de gas será el único que hará el descargue por el área del remanente; 6. Los empleados no pueden estacionarse en el área del remanente; 7. En la entrada del camino al remanente, los Apelados tienen que colocar un letrero que indique "No bloquear carretera ni camino".

Como resultado de lo anterior, el 20 de enero de 2026, el foro de instancia emitió una *Sentencia*[4] ordenando un *Injunction* Permanente por entender que se estaba afectando el uso, goce y disfrute de la propiedad perteneciente a los Apelantes. Ahora bien, desestimó la solicitud de Deslinde y Amojonamiento al concluir que los *Exhibits* admitidos establecían la inexistencia de una controversia plausible sobre dicha acción. Inconforme, ese mismo día, los Apelantes presentaron una *Moción en Solicitud de Reconsideración*[5], la cual fue declarada sin lugar por el foro recurrido. Nuevamente inconformes, el 13 de marzo de 2026, los Apelantes

---

[3] El remanente es el camino que da acceso a la parte posterior de ambas propiedades.
[4] Véase Entrada #14 del expediente de Primera Instancia en SUMAC.
[5] Véase Entrada #15 del expediente de Primera Instancia en SUMAC.

acudieron ante nos mediante recurso de apelación e hicieron los siguientes señalamientos de error:

> **PRIMERO: ERRÓ EL TPI AL LIMITAR EL USO Y DISFRUTE DEL ACCESO A LA PROPIEDAD DE LOS DEMANDANTES AL ORDENAR QUE DEBEN ESPERAR POR TERCEROS QUE USEN SU ACCESO.**

> **SEGUNDO: ERRÓ EL TPI AL CREAR UN GRAVAMEN SOBRE EL PREDIO DE LOS APELANTES SIN CONSENTIMIENTO DE ESTOS Y SIN DISPOSICIÓN DE LEY QUE LO EXIJA.**

> **TERCERO: ERRÓ EL TPI AL CREAR UN DERECHO DE PASO SOBRE UN TERCERO QUE NO FORMÓ PARTE DEL PLEITO.**

> **CUARTO: ERRÓ EL TPI AL DENEGAR EL DESLINDE Y AMOJONAMIENTO SOLICITADO POR AMBAS PARTES Y CREAR RESTRICCIONES AL USO DE LA PROPIEDAD NO CONSENTIDOS.**

> **QUINTO: ERRÓ EL TPI AL EXPEDIR UN INJUNCTION PERMANENTE EN CONTRAVENCION DE LOS REQUISITOS ESTATUIDOS EN LEY Y LA PRUEBA VERTIDA EN LA VISTA EN SU FONDO.**

Posteriormente, el 5 de mayo de 2026, los Apelantes presentaron un Alegato suplementario en torno a la transcripción de la prueba oral. Oportunamente, el 12 de junio de 2026, los Apelados presentaron su alegato en oposición. En síntesis, indicaron que los remedios concedidos por el foro de instancia se basaron en la prueba desfilada en la vista de interdicto y se hicieron conforme a la naturaleza equitativa de dicho remedio.

-II-

## A. Interdicto

El interdicto o *injunction* es un remedio *in personam* dirigido a la parte demandada y no contra sus bienes ni contra la cuestión objeto del interdicto[6]. Constituye un recurso extraordinario procedente del sistema anglosajón -conocido como el sistema de equidad- e incorporado a nuestro ordenamiento jurídico en virtud de legislación[7].

---

[6] *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135 (2024).
[7] R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 588.

Actualmente, el Código de Enjuiciamiento Civil y la Regla 57 de Procedimiento Civil[8], rigen los aspectos sustantivos y procesales del *injunction*. El artículo 675 del Código de Enjuiciamiento Civil[9] en particular define el *injunction* de la siguiente manera:

> El *injunction* es un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra.

Este recurso se caracteriza por su perentoriedad dirigida a evitar la producción de un daño inminente o a restablecer el régimen de ley quebrantado por una conducta opresiva, ilegal o violenta[10]. A esos fines, existen tres modalidades de este remedio: (1) el entredicho provisional, (2) el *injunction* preliminar, y (3) el *injunction* permanente[11].

Al decidir si expide un *injunction* preliminar, el tribunal deberá evaluar los siguientes criterios fijados en la Regla 57.3 de Procedimiento Civil[12]:

1. La naturaleza del daño a que está expuesto la parte peticionaria;

2. La irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;

3. La probabilidad de que la parte promovente prevalezca;

4. La probabilidad de que la causa se torne en académica;

5. El impacto sobre el interés público del remedio que se solicita, y

6. La diligencia y la buena fe con que ha obrado la parte peticionari[a].

---

[8] 32 LPRA Ap. V, R. 57.
[9] 32 LPRA 3421.
[10] *Díaz Vázquez et al. v. Colón Peña et al., supra,* pág. 1153; *Mun. de Loíza v. Sucns. Suárez et al.,* 154 DPR 333, 366 (2001).
[11] *Next Step Medical v. Bromedicon et al.,* 190 DPR 474, 486 (2014).
[12] 32 LPRA Ap. V, R. 57.3.

La expedición de este remedio descansa en la sana discreción judicial al ponderar las necesidades y los intereses de las partes involucradas en la controversia[13]. Ello, pues, el propósito fundamental del *injunction* preliminar o *pendente lite* es: (1) mantener el *status quo* hasta que se celebre el juicio; (2) impedir que la situación se torne académica o (3) evitar que se ocasionen daños mayores mientras perdura el litigio[14].

En cambio, el *injunction* permanente requiere la celebración de vista y la consideración de los siguientes criterios: (1) si el demandante ha prevalecido en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado en ley; (3) el interés público involucrado, y (4) el balance de equidades[15]. Ahora bien, procede su concesión si la parte que lo solicita demuestra que no tiene ningún otro remedio en ley para evitar un daño[16]. En ese sentido, es un daño irreparable aquel que: (1) no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales disponibles; (2) no puede ser apreciado con certeza; (3) ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley[17].

**B. Deslinde y Amojonamiento**

El Artículo 829 del Código Civil de Puerto Rico de 2020, define el concepto de deslinde como "*la operación por la cual se fijan los límites materiales de una finca que están confundidos*"[18]. Se trata de una acción de

---

[13] *Mun. de Ponce v. Gobernador*, 136 DPR 776, 790-791 (1994).
[14] *VDE Corporation v. F & R Contractors*, 180 DPR 21, 41 (2010); *Rullán v. Fas Alzamora*, 166 DPR 742, 764 (2006).
[15] *Plaza Las Américas v. N & H*, 166 DPR 631, 644 (2005).
[16] *Mun. de Loíza v. Sucns. Suárez et al.*, 154 DPR 333, 367 (2001); *Senado de PR v. ELA*, 203 DPR 62, 72 (2019).
[17] *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 681 (1997).
[18] Art. 829 del Código Civil de P.R., 31 LPRA § 8132.

dominio protectora que tiene como propósito determinar los linderos confundidos por dos heredades contiguas[19]. Por otro lado, el Código Civil de Puerto Rico de 2020, también define el concepto de amojonamiento como "*el acto mediante el cual se colocan signos estables que marcan los límites establecidos*"[20].

De otra parte, nuestro ordenamiento jurídico dispone que el propietario tiene derecho a llevar una acción de deslinde y amojonamiento con la citación de aquellos dueños de los predios colindantes[21]. Del mismo modo, es preciso destacar que las acciones de deslinde y amojonamiento son imprescriptibles[22]. En cuanto a cómo debe efectuarse este procedimiento, el Código Civil de Puerto Rico de 2020, en su Artículo 832 dispone lo siguiente:

> El deslinde puede efectuarse por cualquier procedimiento técnico de agrimensura, con citación de los propietarios colindantes. Estos últimos deben presentarse, por sí mismos o por medio de representantes, en el lugar, el día y la hora señalados, con los títulos suficientes de propiedad que amparen su derecho.
> A falta de títulos suficientes, el deslinde puede efectuarse por lo que resulta de la posesión en que estén los colindantes. Para los efectos de este artículo, constituye título suficiente aquel que provea, de forma adecuada, la cabida de la finca y los restantes datos necesarios para su deslinde y amojonamiento[23].

Igualmente, si los títulos no determinaran el límite que le pertenece a cada propietario y esta situación no puede resolverse por la posesión o la presentación de alguna otra prueba, "*el deslinde debe hacerse mediante la distribución, en partes iguales, del terreno objeto*

---

[19] *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006).
[20] Art. 829 del Código Civil de P.R., 31 LPRA § 8132.
[21] Art. 830 del Código Civil de P.R., 31 LPRA § 8133.
[22] Art. 831 del Código Civil de P.R., 31 LPRA § 8134.
[23] Art. 832 del Código Civil de P.R., 31 LPRA § 8135.

*del conflicto*"[24]. De igual forma, "*si los títulos de los colindantes indicaran un espacio menor o mayor al que comprende la totalidad del terreno, la falta o el aumento deberá atribuirse proporcionalmente*"[25].

Ahora bien, se ha reiterado en varias ocasiones que una sentencia en una acción de deslinde no da ni quita derechos[26]. A su vez, el Tribunal Supremo de Puerto Rico ha reconocido que:

> Bajo la mencionada regla hay que hacer constar en la demanda (1) descripción de la propiedad; (2) el interés que la parte reclame tener en ella; (3) nombre de la persona en posesión de la propiedad; (4) la razón por la cual se solicita se haga el deslinde; y (5) requerimiento hecho a la otra parte y negativa de ésta[27].

## C. Apreciación de la Prueba, Deferencia Judicial y Discreción Judicial

Como es sabido, el ejercicio discrecional de la apreciación de la prueba que ejerce el foro de instancia y las determinaciones que realiza están revestidas de confiabilidad y merecen respeto y deferencia[28]. Por ello, la valoración que lleva a cabo el foro primario se presume correcta, toda vez, que es este quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales[29]. Por su parte, un foro apelativo cuenta solamente con "*récords mudos e inexpresivos*", por lo que le debe respeto a la adjudicación de credibilidad realizada por el juzgador primario de los hechos[30]. En ese sentido, y

---

[24] Art. 833 del Código Civil de P.R., 31 LPRA § 8136.
[25] Art. 834 del Código Civil de P.R., 31 LPRA § 8137.
[26] *Ramírez Quiñones v. Soto Padilla, supra*, pág. 159 (2006).
[27] *Zalduondo v. Méndez*, 74 DPR 637, 641 (1953).
[28] *Argüello v. Argüello*, 155 DPR 62, 79 (2001); *Trinidad v. Chade*, 153 DPR 280 (2001).
[29] *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Pueblo v. Santiago et al.*, 176 DPR 133, 148 (2009); *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000).
[30] *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 356 (2009); *Trinidad v. Chade, supra*, pág. 291.

como regla general, no debemos intervenir con las determinaciones que este haya efectuado en virtud de la presunción de corrección de la que gozan[31].

En vista de lo anterior, nuestro máximo foro ha resuelto que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la prueba así lo justifique[32]. Nuestro más alto foro ha determinado que un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna[33].

En consecuencia, al este tribunal apelativo enfrentarse a la tarea de revisar las determinaciones del foro de instancia, no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[34].

---

[31] *Pueblo v. Pérez Núñez,* 208 DPR 511, 529 (2022).
[32] *Pueblo v. Calderón Álvarez*, 140 DPR 627, 644 (1996); *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994); *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 14 (1987); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).
[33] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).
[34] *González Hernández v. González Hernández*, 181 DPR 746, 776-777(2011); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799, 811 (2009); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000);

Con relación al error manifiesto un juzgador incurre en este cuando de un análisis de la totalidad de la evidencia recibida, este Tribunal queda convencido de que las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida[35]. Por tanto, debe existir base suficiente en la prueba admitida que apoye la determinación del foro[36].

De igual forma, se podrá intervenir con la determinación del foro de instancia cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble; de lo contrario el tribunal apelativo deberá abstenerse de intervenir con la apreciación de la prueba hecha por el juzgador de los hechos[37].

Ahora bien, cabe destacar que, el Tribunal Supremo ha resuelto que, en instancias en que las conclusiones de hecho que realice el foro de instancia estén basadas en prueba pericial o documental, un tribunal revisor estará en la misma posición que el tribunal *a quo*[38]. Por tanto, ante dichas instancias, este tribunal apelativo "*tendrá la facultad para adoptar su propio criterio en la apreciación y evaluación de la prueba pericial y hasta para descartarla aunque resulte técnicamente correcta*"[39].

*Pueblo v. Irizarry*, 156 DPR 780, 788-789 (2002); *Pueblo v. Maisonave Rodríguez*, 129 DPR 49, 62-63 (1991).

[35] *Dávila Nieves v. Meléndez Marín, supra*, pág. 772.

[36] *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018); *Pueblo v. Irizarry, supra,* pág. 816.

[37] *Santiago Ortíz v. Real Legacy et al., supra; Pueblo v. Arlequín Vélez*, 204 DPR 117, 148 (2020); *Pueblo v. Martínez Landrón*, 202 DPR 409, 425 (2019); *González Hernández v. González Hernández, supra*, págs. 776-777; *Pueblo v. Viruet Camacho*, 173 DPR 563, 584 (2008); *Pueblo v. Irizarry, supra; Pueblo v. Acevedo Estrada, supra.*

[38] *González Hernández v. González Hernández, supra*, pág. 777; *Sepúlveda v. Depto. de Salud*, 145 DPR 560, 573 (1998).

[39] *González Hernández v. González Hernández, supra,* pág. 750; *Mun. de Loíza v. Sucns. Suárez et al.*, 154 DPR 333, 363 (2001); *Prieto v. Maryland Casualty Co.*, 98 DPR 594, 623 (1970).

A esos efectos, aunque no está exenta de la posibilidad de toda revisión, si la actuación del tribunal *a quo* no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del foro de instancia a quien corresponde la dirección del proceso[40]. Los foros apelativos podremos intervenir con tal apreciación luego de realizar una evaluación rigurosa y que, de esta surjan serias dudas, razonables y fundadas[41].

Las decisiones discrecionales que toma el foro de instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción[42]. Un tribunal de justicia incurre en un abuso de discreción: (i) cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (ii) cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este; o (iii) cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes , el juez los sopesa y calibra livianamente[43].

A su vez, es una norma bien establecida de nuestro sistema de justicia que la discreción judicial permea la evaluación de la evidencia presentada en los casos y controversias[44]. No obstante, una apreciación errónea de

---

[40] *Sierra v. Tribunal Superior, supra*, pág. 772.
[41] *Pueblo v. Pérez Núñez, supra.*
[42] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013); *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).
[43] *Pueblo v. Rivera Santiago, supra,* pág. 580.
[44] *González Hernández v. González Hernández, supra*, pág. 776.

la prueba no tiene credenciales de inmunidad frente a la función revisora de un tribunal revisor[45]. A esos efectos, conviene destacar que, la intervención del foro apelativo con la prueba desfilada tiene que estar basada en un análisis independiente y no a base de los hechos que exponen las partes[46].

## -III-

En el caso de epígrafe los Apelantes señalan que erró el foro de instancia al limitar el uso y disfrute del acceso a la propiedad de estos y crear un gravamen sobre su predio. Además, alegan que erró el foro apelado al denegar la acción de deslinde y amojonamiento. Finalmente, sostienen los Apelantes que el foro de instancia expidió un *injunction* permanente en contravención a los requisitos estatuidos en la ley. Por tratarse de asuntos que están íntimamente relacionados, procedemos a atender los señalamientos de error de manera conjunta. Veamos.

Según surge de la transcripción de la prueba oral, los Apelantes se han visto afectados de múltiples formas por la operación del Colmado Yamil. Primeramente, el Sr. Feliciano Ramos testificó que los suplidores que le brindan servicio al Colmado Yamil obstaculizan, diariamente, la entrada a su propiedad. Además, la Sra. Ortega Velázquez indicó que hay un zafacón de basura frente al portón de su residencia y, cuando se llena, los desperdicios terminan alrededor de este. Por su parte, cabe señalar que, como parte de la prueba presentada, se incluyó la escritura de compraventa

---

[45] *Rivera Pérez v. Cruz Corchado, supra,* pág. 14.
[46] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 425 (2001).

correspondiente al Colmado Yamil, con sus respectivos linderos.

Tal y como expusimos en el acápite II, el recurso de *injunction* tiene como propósito ordenarle a una persona que se abstenga de hacer o de permitir que se haga determinada cosa, a fin de evitar un daño inminente o restablecer el régimen de ley quebrantado ante una conducta opresiva, ilegal o violenta. Para ello, el tribunal evalúa una serie de factores.

En el caso de autos, luego de evaluar la prueba, el foro de instancia concluyó que procedía el *injunction*, toda vez que los Apelantes se han visto impedidos del uso y disfrute de su propiedad. A tales efectos, ordenó que los suplidores del Colmado Yamil no pueden obstaculizar la entrada de la propiedad de los Apelantes que da acceso a la parte posterior, con excepción del camión de gas. En ese caso, si los Apelantes van a utilizar dicha salida y se encuentra el camión de gas, tendrán que esperar a que este descargue. Respecto al zafacón de basura, el foro de instancia determinó que los Apelados tendrán que moverlo sin dilación alguna. Además, el foro apelado le prohibió a los Apelantes instalar un portón o verja en la entrada del camino conocido como "remanente". Por su parte, respecto a la solicitud de Deslinde y Amojonamiento, la misma fue desestimada por no haber una controversia plausible sobre dicha acción.

No obstante la concesión del *injunction* en este caso, dicho recurso extraordinario, para ser permanente, requiere la celebración de una vista, pero también amerita la consideración del criterio de si el demandante ha prevalecido en un juicio en sus méritos. Para esto,

se necesita la celebración de un juicio en su fondo, incluyendo un descubrimiento de prueba. Es solo así que el foro primario podrá hacer la determinación definitiva de si procede el *injunction* permanente. A pesar del foro primario expresar en su *Sentencia* que "lo provisto en Sala es un *Injunction* Permanente por definición" y concluir que "el desfile en Sala consolidó la Vista a una de Injunction Preliminar Permanente", lo cierto es que no se desprende de la Transcripción de la Prueba Oral ni de la *Sentencia* que el tribunal de instancia haya ordenado la consolidación de la Vista con el juicio en sus méritos, al menos en cuanto al *Injunction*. A raíz de ello, se requiere la celebración de una vista en su fondo y un descubrimiento de prueba para emitir válidamente el *Injunction* con carácter permanente.

Referente a la desestimación de la reclamación de deslinde y amojonamiento, se desprende de la Transcripción de la Prueba Oral que el foro primario concluyó que procedía un proceso ordinario para atender los asuntos de deslinde y amojonamiento.[47] Por lo que, procede resolver la reclamación de deslinde y amojonamiento en un proceso ordinario.

Por todo lo anterior, se modifica la *Sentencia,* a los fines de devolver el caso al foro primario para que se celebre una Vista en su fondo sobre *Injunction* Permanente y continúe la reclamación de deslinde y amojonamiento en un proceso ordinario.

## -IV-

A la luz de los fundamentos antes expresados, modificamos la *Sentencia* apelada, a los fines de devolver

---

[47] Pág. 87, Líneas 6-7 de la Transcripción de la Prueba Oral, Anejo de la Entrada Núm. 8 del SUMAC TA.

el caso al foro primario para que se celebre una Vista en su fondo sobre *Injunction* Permanente y continúe la reclamación de deslinde y amojonamiento en un proceso ordinario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Aldebol Moral concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones